### SOUTHERN v. STATE.

(Court of Criminal Appeals of Texas. Nov. 2, 1910. Rehearing Denied Dec. 21, 1910.)

1. CRIMINAL LAW (§ 829\*)—INSTRUCTIONS—REPETITION.

　　Requested instructions, on matters covered by instructions already given, need not be given.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.\*]

2. HOMICIDE (§ 284\*)—EVIDENCE OF DEATH—INSTRUCTIONS.

　　Pen. Code 1895, art. 654, declaring that no person shall be convicted of homicide unless the body of deceased, or portions of it, are found and sufficiently identified to establish the fact of death of the person charged to have been killed, is a rule of evidence and limitation on the quantum of proof, and need not be charged to the jury.

　　[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 584; Dec. Dig. § 284.\*]

3. HOMICIDE (§ 284\*)—EVIDENCE OF DEATH—INSTRUCTIONS.

　　The substance of Pen. Code 1895, art. 654, declaring that no person shall be convicted of homicide unless the body of deceased, or portions of it, are found and sufficiently identified to establish the fact of death of the person charged to have been killed, is covered by instructions, on a trial for killing W., that the jury must find the fact of the killing of W. beyond a reasonable doubt, and unless they believe beyond a reasonable doubt that W. was dead, and that defendant killed him, they must acquit, and by an instruction on circumstantial evidence and alibi.

　　[Ed. Note.—For other cases, see Homicide, Dec. Dig. § 284.\*]

　　Appeal from District Court, Ft. Bend County; Wells Thompson, Judge.

　　Ellis Southern was convicted of homicide, and appeals. Affirmed.

---

L. M. Ballowe and F: X. Joerger, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

RAMSEY, J. This is the second appeal of this case. The first appeal will be found reported in 57 Tex. Cr. R. 188, 122 S. W. 259, where a full statement of all the facts is given.

In this case the testimony of the state is strengthened in many ways. There was, among other things, ample proof of motive, growing out of the jealousy of deceased and their rivalry for the affections of the same woman. Further, the state introduced a witness to whom appellant, in direct terms, admitted that he had killed Jerry Williams, the deceased. While circumstantial, we think, as we indicated before, that the jury were justified in finding that the charred remains of a human being, discovered on the burned premises, were those of deceased.

1. There is no bill of exceptions in the record, and but one special charge asked by appellant, which instructed the jury that the failure of appellant to testify was not to be taken as a circumstance against him, and that if they had a doubt of appellant's guilt they should acquit him. The court had already instructed the jury covering both of these matters, and there was no occasion why these instructions should be repeated.

2. The only ground of the motion, which is in any sense substantial, is the second ground thereof, which complains that the court erred in not charging the jury the substance of article 654 of our Penal Code of 1895. This article is as follows: "No person shall be convicted of any grade of homicide unless the body of the deceased or portions of it are found and sufficiently identified to establish the fact of the death of the person charged to have been killed." Our examination of the decisions has not disclosed any case where it has ever been held that the court is required to give the substance of this provision in charge to the jury, nor do we think it should be required to be done. Rather, we think, this is a rule of evidence and limitation upon the quantum of proof required in the case to which it relates. Besides, in this case, the court instructed the jury that they must find the fact of the killing of the deceased, Williams, beyond a reasonable doubt, and, further, the jury were, in express terms, instructed that unless they believed beyond a reasonable doubt that Jerry Williams was dead, and that the defendant killed him, they should find him not guilty. There was also an excellent instruction on the law of circumstantial evidence and alibi. We think, in any event, that this instruction comprises the substance of the article of the statute above referred to.

A careful inspection of the record has fail-ed to disclose any just ground for reversal, and it must follow that the judgment of conviction should be, as it is hereby, in all things affirmed.

McCORD, J., not sitting.